UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00299-MOC-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JUAN ANCELMO CARRERA-DAMIAN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Dismiss for violation of the Speedy Trial Act.

As discussed at the March 20, 2018, hearing, the Court agrees with defendant that a violation of the Speedy Trial Act has occurred. Review of the docket reveals that defendant made his first appearance in this district on December 28, 2017, which started the 70-day clock running under the Speedy Trial Act. 18 U.S.C. § 3161(c). On January 2, 2018, defendant was arraigned; however, the Arraignment Order or Scheduling Order (which is supposed to be entered at that time) was not entered until January 22, 2018. Because of the late entry, this matter was not placed on the Court's January 20, 2018, criminal trial calendar, but on the March 19, 2018, trial calendar. Calculating the 70 days from defendant's first appearance in this district, the Speedy Trial clock expired on or about March 8, 2018, some 11 days short of the March 19, 2018, trial term.

Where the Speedy Trial Act has been violated, and a defendant raises it prior to trial, the course of action is clear:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by 3161(h), the information or indictment shall be dismissed on motion of the defendant....

1

18 U.S.C. § 3162(a)(2). Upon hearing the facts and reviewing the docket entries, the Court granted defendant's Motion to Dismiss.

The Court then heard arguments from counsel as to whether such dismissal should be with or without prejudice. In making that determination, the Court considered the seriousness of the offense, the facts and circumstances of the case which led to the dismissal, and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. United States v. Taylor, 487 U.S. 326, 332–33 (1988). The 70-day requirement protects the interests of both the defendant and the public in a speedy trial, as well as the public interest in preventing and deterring crime. United States v. Henry, 538 F.3d 300, 303 (4th Cir. 2008). Here, the offenses charged are serious as defendant conceded, the government is completely blameless in the error leading up to the violation, and allowing reprosecution would further the public interests in deterring crime while upholding the aim of the Speedy Trial Act.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss for violation of the Speedy Trial Act (#16) is **GRANTED**, and this action is **DISMISSED** without prejudice.

Signed: March 21, 2018

Max O. Cogburn Jr
United States District Judge